# IN THE COURT OF APPEALS OF IOWA

No. 16-0077
Filed September 14, 2016

**SHAWN LEE MCCLELLAN,**
    Petitioner-Appellee,

**vs.**

**AMBER LYNN ROBINS,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Marsha A. Bergan, Judge.

A mother appeals the district court's decision granting physical care of the parties' child to the father. **AFFIRMED.**

Constance Peschange Stannard of Johnston, Stannard, Klesner, Burbidge & Fitzgerald, P.L.C., Iowa City, for appellant.

Alan M. Wilson of Miles Law Firm, Corydon, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Amber Robins appeals the district court's decision granting physical care of the parties' child to Shawn McClellan. We affirm the district court's decision placing the child in the physical care of Shawn. Amber has not supported Shawn's relationship with the child. We deny Amber's request for appellate attorney fees.

Amber and Shawn are the parents of a child who was born in 2012. The parties had an on-and-off relationship but never married. Amber has two older children from previous relationships who are in her physical care. These children have special needs, and Amber does not work outside the home. Shawn has four older children from a previous marriage who are in his physical care. Shawn is employed as an automotive technician.

Amber, Shawn, and their combined seven children had been living together in Weldon, when Amber and her children suddenly, without notice, moved to Iowa City in February 2014, and began living with a friend who is now her fiancé. Amber did not tell Shawn her new address or allow Shawn to see the child. It was not until June 2014, that Shawn was informed of the address by a mutual friend. Shawn filed a petition to establish paternity, custody, visitation, and support on July 7, 2014. Shawn did not have visitation with the child between February and August 2014.

After a hearing, the district court entered an order on December 7, 2015, granting the parties joint legal custody of the child and placing the child in Shawn's physical care. The court found Amber's "actions have shown

repeatedly that she does not support Shawn's relationship" with the child. The court stated, "Shawn, on the other hand, is supportive of [the child's] relationship with Amber." Amber was granted visitation with the child. Due to her financial situation, and Shawn's ability to support the child, she was not ordered to pay child support. Amber appeals the decision of the district court.

In paternity cases, we apply the factors found in Iowa Code section 598.41(3) (2013) in determining custody and visitation. *See* Iowa Code § 600B.40. Proceedings under section 600B.40 are in equity, and our review is de novo. *Phillips v. Davis-Spurling*, 541 N.W.2d 846, 847 (Iowa 1995). Our objective is to place a child in an environment most likely to promote healthy physical, mental, and social maturity. *Id.* Our primary concern is the best interests of the child. *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988).

Upon our de novo review of the record, we affirm the district court's findings and conclusions. "The parent awarded physical care is required to support the other parent's relationship with the child." *In re Marriage of Hansen*, 733 N.W.2d 683, 700 (Iowa 2007) (citing Iowa Code § 598.41(5)(b)). Following Amber's move to Iowa City in February 2014, she has not supported Shawn's relationship with the child. We conclude the district court properly placed physical care of the child with Shawn. *See In re Marriage of Hynick*, 727 N.W.2d 575, 580-81 (Iowa 2007) (granting physical care of a child to the parent who would fulfill the legal responsibility to support the other parent's relationship with the child). Because we affirm the district court's decision placing the child in

Shawn's physical care, we do not address Amber's request for Shawn to pay child support.

Amber also requests appellate attorney fees. Under section 600B.26, the prevailing party in a paternity action may be awarded reasonable attorney fees. *Markey v. Carney*, 705 N.W.2d 13, 25 (Iowa 2005). Amber was not the prevailing party on appeal and as a result we do not award any appellate attorney fees.

We affirm the district court's decision without further opinion. *See* Iowa Ct. R. 21.26(d), (e).

**AFFIRMED.**